IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 3:06-CR-272-L |
| | § | |
| MARSHA AUGUST OLLISON | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant's Motion to Dismiss Indictment or for Bill of Particulars, filed October 10, 2006 ("Defendant's Motion to Dismiss Indictment") and Defendant's Motion for a Bill of Particulars, filed January 19, 2007 ("Defendant's Motion for Bill of Particular"). Having reviewed the motions, responses, record and applicable law, the court **denies** Defendant's Motion to Dismiss Indictment and **denies** Defendant's Motion for a Bill of Particulars.

**I.  Procedural and Factual Background**

By way of Indictment dated September 7, 2006, Defendant Marsha August Ollison ("Defendant" or "Ollison") is charged with three counts of Theft from an Organization Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A). Specifically, the Indictment charges that "Dallas Independent School District (DISD) was an organization that received federal assistance in excess of $10,000 through a variety of grants from the United States Department of Education during each of the one-year periods ending June 30, 2004, June 30, 2005 and June 30, 2006." Indictment ¶ 5. The Indictment further charges that DISD issued credit cards, known as procurement card ("P-cards") for use of DISD employees, who were instructed in a procurement card manual that the P-card was for district purchases only. *Id.* ¶ 3. The Indictment charges that Defendant, "an employee in the administrative office of DISD," who had signed a Procurement

Cardholder Agreement Form that she understood that "under no circumstances" would she "use the procurement card to make personal purchases" for herself or others:

> . . . did knowingly embezzle, steal, obtain by fraud and otherwise without authority convert to her own use and the use of other persons who were not the rightful owners, property valued at $5,000 or more and owned by and under the care, custody, and control of DISD, to wit: Ollison purchased numerous personal items for her own use and for the use of another person with a P-card issued to her by DISD.

*Id.* ¶¶ 4-5. Count 1 is for the one-year period ending June 30, 2004, Count 2 is for the one-year period ending June 30, 2005, and Count 3 is for the one-year period ending June 30, 2006.

## II.    Analysis

### A.    Title 18 U.S.C. § 666

Title 18 U.S.C. § Section 666(a) provides for the imposition of criminal penalties against any agent of a state, local or Indian Tribal government (or agency thereof) who embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to personal use property "valued at $5,000 or more" that "is owned by, or under the care, custody, or control of" that government, provided that the requirements of section 666(b) are satisfied. 18 U.S.C. § 666(a)(1)(A). Section 666(b) requires that such government has received, in any one year period, federal benefits in excess of $10,000. *Id.* § 666(b). Section 666(a)(1)(A) pertains to theft by the agent of $5000 or more, whereas § 666(a)(2) pertains to an agent's offering or accepting a bribe of $5000 or more.

B.  **Defendant's Motion to Dismiss Indictment**[1]

Defendant has moved to dismiss the Indictment, arguing that it is defective since "there is no allegation of a nexus between [Ollison], her conduct, and the federal money." Mot. to Dismiss at 1. In response, the Government contends that, under current case law, Title 18 U.S.C. § 666 requires no nexus between the charged offense and the federal funds in question. Govt. Resp. at 2. The court agrees.

In *Sabri v. United States*, 541 U.S. 600 (2004), decided after the cases cited by Defendant in support of her motion, the United States Supreme Court considered a challenge, both facially and as applied, to § 666(a)(2), and rejected the argument that a nexus was required under § 666 between the bribe and the federal funds. Numerous circuit courts have since applied the holding in *Sabri* to §666(a)(1)(A) cases involving theft by the agent. *See, e.g., United States v. Spano*, 401 F.3d 837, 840 n.2 (7th Cir. 2005), *cert. denied*, 127 S.Ct. 298 (2006) (finding no nexus requirement under §666(a)(1) after *Sabri*, since there is "no reason for any differentiation in analysis among the (a)(1) [theft] and (a)(2) [bribery] charges, which are basically two sides of the same coin."); *United States v, Kranovich*, 401 F.3d 1107, 1111 (9th Cir. 2005) (no nexus requirement between misconduct and federal funds). In *Spano*, the court concluded "that the Supreme Court did not intend to limit its holding to § 666(a)(2), would find § 666(a)(1) constitutional on the same grounds, and would similarly find no nexus requirement for § 666(a)(1) offenses." Prior to the Supreme Court's decision in *Sabri*, the Fifth Circuit had ruled based on the plain language of the statute that the Government need not prove that a link exists between the funds received and the misconduct. *See United States v. Lipscomb*, 299 F.3d 303, 310, 336 (5th Cir. 2002) (finding that plain language of § 666 does not

---

[1] Though titled "Defendant's Motion to Dismiss Indictment or for Bill of Particulars," this motion is properly viewed as a motion to dismiss the indictment as defective. The motion contains no request for a bill of particulars.

**Memorandum Opinion and Order - Page 3**

require a nexus). In light of the reasoning of the Supreme Court in *Sabri*, and considering prior Fifth Circuit law, the court rejects Defendant's argument that the Government must allege a nexus between Ollison's charged misconduct and the federal money. For this reason, the court denies Defendant's Motion to Dismiss Indictment.

### C. Defendant's Motion for a Bill of Particulars

Defendant has also moved for a bill of particulars. Defendant contends that the Government should be required to state under which theory it proceeds. Further, Defendant contends that a bill of particulars is necessary in order to prepare her defense, avoid prejudicial surprise and avoid possible double jeopardy. The Government opposes the motion, arguing that there is no legal basis for the requested relief. The court agrees.

To reiterate, the Indictment charges that Defendant:

> . . . did knowingly embezzle, steal, obtain by fraud and otherwise without authority convert to her own use and the use of other persons who were not the rightful owners, property valued at $5,000 or more and owned by and under the care, custody, and control of DISD, to wit: Ollison purchased numerous personal items for her own use and for the use of another person with a P-card issued to her by DISD.

Indictment ¶¶ 4-5. As stated in *Fields v. United States*, 408 F.2d 885, 887 (5th Cir. 1969), "Where a statute specified alternative ways in which an offense can be committed, the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient." Defendant's motion cites no authority in support of her argument that she is entitled to know under which theory the Government will proceed.

Moreover, the decision whether to direct the filing of a bill of particulars is within the discretion of the court. *See United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979), *cert. denied*, 445 U.S. 943 (1980). "The purpose of a bill of particulars is to inform an accused of the charge with

sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978), *cert. denied*, 441 U.S. 962 (1979). A bill of particulars is not a proper tool for discovery, *see Davis*, 582 F.2d at 951, and should not to be used to provide detailed disclosure of the government's evidence prior to trial. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.), *cert. denied*, 439 U.S. 819 (1978).

The court has examined the Indictment, and disagrees that a bill of particulars is necessary. While the Indictment is not as specific as it could be, it meets the minimum standard required to apprise Defendant of the nature of the charges against her, enables her to prepare their defense, and avoid being unfairly surprised at trial or prosecuted again for the same conduct. *See Gorel*, 622 F.2d at 104. The court is convinced that when considering the charges alleged in the Indictment in the context of the allegations as a whole, they meet the previously stated standard.

Moreover, as the parties are well aware, Defendant is not entitled to discover all the overt acts that might be proved at trial. *Kilrain*, 566 F.2d at 985. It may be that the government's proof turns out to be insufficient to support the charges alleged; however, that is a matter of sufficiency of the evidence, rather than sufficiency of the allegations contained in the Indictment. Accordingly, Defendant's Motion for Bill of Particulars will be denied.

### III.   Conclusion

For the above-stated reasons stated, the court **denies** Defendant's Motion to Dismiss Indictment and **denies** Defendant's Motion for a Bill of Particulars.

**It is so ordered** this 23rd day of February, 2007.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 6**